**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**KARL KEVIN HILL,**

    Petitioner,

**v.**                        **CIVIL ACTION NO.: 3:17-CV-94**
                                                      **(GROH)**

**JOE COAKLEY, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND, IN THE FIRST INSTANCE, DISMISSING PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

### I. Adoption of Report and Recommendation

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 27. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on April 20, 2018. In the R&R, he recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

**A. Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on April 20, 2018. The Petitioner accepted service on April 30, 2018. The Petitioner filed objections on May 16, 2018. ECF No. 29. Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo*.

**B. Background**

The Petitioner challenges the execution of his sentence arguing that the Bureau of Prisons improperly calculated his eligible sentence reduction. Specifically, the Petitioner alleges that the Residential Drug Abuse Program ("RDAP") administrator incorrectly stated that the Petitioner is ineligible for a one-year sentence reduction upon completion of RDAP. While the Petitioner acknowledges that he has not completed RDAP, he claims that he declined treatment because "without that [sentencing] credit, he wasn't interested in participating in the drug treatment program." ECF No. 29 at 8. Moreover, although he has admittedly not exhausted administrative remedies, he asserts that "futility thereby excuses [him] from being obligated to exhaust." ECF No. 9 at 3.

Magistrate Judge Trumble recommends dismissing the Petitioner's claim because the Petitioner does not present an active case or controversy. Additionally, Magistrate

Judge Trumble states that the Petitioner failed to exhaust administrative remedies. The Petitioner makes two objections. First, he states that he does present an active case or controversy under Spokeo. ECF No. 29 at 7. Second, he argues that he does not have to exhaust administrative remedies because it would be "futile." ECF No. 29 at 5. However, the Court need not decide if the Petitioner must exhaust administrative remedies because the Petitioner fails to present an active case or controversy.

**C. Discussion**

Before a party can invoke the jurisdiction of the federal courts, the party must "satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). This requires that the party: (1) suffer an injury in fact; (2) that is traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. Spokeo v. Robins, 136 S. Ct. 1540, 1547 (2016).

At issue here is whether the Petitioner has suffered an injury in fact. To demonstrate injury in fact, the Petitioner must show that "he has sustained or is immediately in danger of sustaining some direct injury." Lyons, 461 U.S. at 102 (internal citations omitted). This injury must be "both real and immediate, not conjectural or hypothetical." Id. (internal citations omitted). For example, the Supreme Court has declined to find injury in fact when the plaintiffs *may* proceed to violate an unchallenged law and *may* be arrested and charged with violations of the criminal law because, if the plaintiffs are ever prosecuted, there are "available state and federal procedures which could provide relief from the wrongful conduct alleged." Id. at 102-03.

Here, the Petitioner has declined to participate in RDAP. Accordingly, the

3

Petitioner is not "immediately in danger of sustaining some direct injury."  As in Lyons, the Petitioner *may* suffer an injury *if* he completes the program and *if* the Bureau of Prisons denies him a sentence reduction.  However, before the Petitioner would suffer any injury, he would have to enroll in and complete the 500 hour program.  Upon completion of the program, the Bureau of Prisons would have to wrongly determine that the Petitioner is not eligible for a sentence reduction.  Only at that point, assuming arguendo that (1) the Petitioner completed the RDAP program; (2) he was eligible for a sentence reduction; and (3) the Bureau of Prisons denied him a sentence reduction, would the Petitioner have suffered an injury in fact.

The Petitioner's claim becomes even more hypothetical when considering that he has not exhausted *any* administrative remedies.  The Petitioner relies on a single statement by the RDAP program administrator when arguing that the prison will not, hypothetically, grant him a sentence reduction.  However, it is entirely possible that the Bureau of Prisons would in fact grant the Petitioner a sentence reduction if he followed the administrative review process set forth in 28 C.F.R. 542 et seq.

Accordingly, the Petitioner's claim does not present an injury in fact.  *If* the Petitioner completes the program and *if* the Bureau of Prisons denies him a sentence reduction for which he is eligible, there are "available . . . federal procedures which could provide relief from the wrongful conduct alleged."  Because there is no injury in fact, the Court is without jurisdiction to consider the merits of the Petitioner's claim.

### D. Conclusion

For the aforementioned reasons, the Petitioner's objections as to his sentence reduction claim are **OVERRULED** and Magistrate Judge Trumble's Report and

4

Recommendation is **ORDERED ADOPTED**.

### II. Dismissal of Petitioner's Ineffective Assistance of Counsel Claim

While not addressed in the Report and Recommendation, the Petitioner also asserts an ineffective assistance of counsel claim in relation to his underlying criminal conviction. The Court will address this matter now.

#### A. Background

In addition to the Petitioner's claim for a sentence reduction, he also alleges an ineffective assistance of counsel claim. Specifically, he states that "the outcome of his case could have been much different if counsel of record had effectively challenged the 2-level gun enhancement more forcibly at his sentencing hearing." ECF No. 1 at 16. While the Petitioner provides great detail regarding the ineffective assistance of counsel, [ECF No. 1], the Court need not delve into the factual basis for his claim because the claim is not a proper subject of relief in a proceeding under 28 U.S.C. § 2241.

#### B. Discussion

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under 28 U.S.C. § 2255 in their district court of conviction. By contrast, a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of a § 2241 petition include actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence. Anderson v. Pettiford, 2007 WL 1577673 (D.S.C. May 31, 2007) (internal citations omitted), aff'd 241 F. App'x 934 (4th Cir. 2007).

While the express terms of § 2255 prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255 that allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255.

The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one.  In the Fourth Circuit, § 2255 is deemed to be inadequate or ineffective to test the legality of a conviction only when all three of the following conditions are satisfied:

1. at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
2. subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
3. the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Additionally, the Fourth Circuit recently held that the savings clause also applies to "fundamental sentencing errors."  United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018).  A prisoner can challenge the legality of his sentence under § 2241 when:

1. at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the conviction;
2. subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
3. the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
4. due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.

Here, the Petitioner does not carry his burden of demonstrating that a § 2255 remedy is inadequate or effective. Assuming arguendo he satisfies the other elements, he does not show that "subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed." Although he cites to Nelson v. Colorado, 137 S. Ct. 1249 (2017), and Lee v. United States, 137 S. Ct. 1958 (2017), these cases do not show that the settled substantive law has changed as it applies to the Petitioner's case.

### C. Conclusion

Accordingly, this Court is without jurisdiction to hear the Petitioner's ineffective assistance of counsel claim. Therefore, the claim is **DISMISSED WITHOUT PREJUDICE**.

### III. Conclusion

Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 27] is hereby **ADOPTED** for the reasons more fully stated therein. Additionally, for the aforementioned reasons, the Court finds that the Petitioner's ineffective assistance of counsel claim must be **DISMISSED WITHOUT PREJUDICE**.

Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE.** The Respondent's Motion to Dismiss, or, in the alternative, for Summary Judgment [ECF No. 14] is **GRANTED** and the Petitioner's Motion for Clarification [ECF No. 24] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein

and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

      **DATED:** May 24, 2018

                                                             GINA M. GROH
                                                             CHIEF UNITED STATES DISTRICT JUDGE